## GATES *vs.* M'DANIEL, et al.

1. The Supreme Court will not entertain a motion for an attachment, for the breach of an injunction, perpetuated here, on appeal from an inferior court.
2. Disobedience to the order or decree of this Court, in cases removed from inferior courts, must be redressed by application to the tribunal, from whence removed.

This motion was submitted on the part of Gates, for an attachment for contempt, against the defendants, in disregarding an injunction, which had been granted by the Circuit Court of Covington, and perpetuated here, on appeal.

The question was, whether this Court possessed the power of granting such process.

*A. B. Cooper,* for motion — *Wilson, contra.*

TAYLOR, J.—Some years since, an injunction was awarded, by the presiding judge of the Circuit Court of Covington County, restraining the defendants from permitting a bridge, which they had erected, near a ferry of the plaintiff, from being used. The suit, in which said injunction was awarded, was brought by appeal, into this Court, and the injunction was here perpetuated. The plaintiff now moves for an attachment against the defendants, alleging that they have been guilty of a contempt, by disregarding the decree aforesaid, and permitting the continued use of their bridge.

The question, whether or not this is the proper forum, to which the application should be made, necessarily presents itself.

This Court has uniformly determined, that as a general rule, except in the cases specified in the constitution, its jurisdiction is altogether appellate. The propriety, as well as constitutionality of these decisions, is the more apparent from an examination of the effects of a contrary one. Were we to assume original jurisdiction, it would often happen, that it would become necessary to examine witnesses, and some times, to impannel juries, for the more correct ascertainment of facts.

From the organization of this Court, it is not well fitted for such investigations; and it has, obviously, been established for legal adjudications—not the trial of facts. Controversies, which may arise with respect to the correctness of process, which may issue upon a judgment or decree of this Court; the satisfaction of such judgment or decree; or any matter, which relates to its execution, are no more to be decided here, in the first instance, than the matters first in litigation.

This Court does not issue the process, necessary to carry into execution its own judgments. The judgment is certified to the Court, from which the case is brought into this, and thence the writ of execution, &c emanates. If the writ is disobeyed, it is a contempt to the Circuit Court.

This case is believed not to be distinguishable from others. The writ, to enforce the final decree, issued, not from this, but from the Circuit Court.— The decree of this Court, in fact, by a legal fiction, became the decree of the Circuit Court. If the injunction were disobeyed, application should have been made to the Circuit Court, by the plaintiff, for redress; and, if he considered himself agrieved, by

the decision, there, he should, in the ordinary way, have sought redress here—and, can not be heard, when applying for an original order.

The great propriety of such a course, would, in no case, be more apparent, than in this.

Upon an application of this kind, the first order is, that the defendant appear and show cause, why an attachment should not issue. If the defendant appear, for the purpose of complying with the rule, an examination of facts follows, of course. And, are parties and witnesses to be compelled to attend here, from the most distant parts of the State; and the regular business of the Court to be suspended, until this trial of facts can be prepared for, and gone through? We can see no reason, to sustain such a doctrine; but, on the contrary, are satisfied, that it is proper not to entertain the motion. It is, therefore overruled.